1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   MICHELLE MICKLAS and CONNIE
    RAMIREZ,

10                  Plaintiffs,                      NO. C16-315RSL

11          v.

12   GREEN TREE SERVICING LLC and          ORDER GRANTING IN PART
     BANK OF AMERICA, N.A.,                GREEN TREE SERVICING LLC'S
13                                         MOTION TO DISMISS

14                  Defendant.

15          This matter comes before the Court on defendant "Green Tree Servicing LLC's FRCP

16   12(b)(6) Motions to Dismiss."  Dkt. # 8.  Having reviewed the materials submitted by the parties

17   and the remainder of the record, the Court finds as follows.

18                                      **BACKGROUND**

19          Plaintiffs Michelle Micklas and Connie Ramirez filed this action against defendants

20   Green Tree Servicing LLC and Bank of America, N.A. alleging that defendants "breached a loan

21   modification agreement . . . and failed to accurately apply Plaintiffs' payments pursuant to that

22   agreement" and that therefore defendants wrongly claimed that plaintiffs' mortgage was in

23   default.  Dkt. # 1-1 at 1.  Plaintiffs were aware of the impending sale and contacted Green Tree

24   numerous times in an attempt to stop the foreclosure.  Id. at 6-7.  Plaintiffs consulted an attorney

25   prior to the sale and were advised that they should stop making payments until Green Tree

26   corrected the mistakes in their account.  Id. at 7.  Plaintiffs' home ultimately was sold in a

27
28   ORDER GRANTING IN
     PART MOTION TO DISMISS - 1

foreclosure sale.  Id. at 1-2.

Plaintiffs did not attempt to enjoin the foreclosure before it occurred and do not seek to unwind the foreclosure sale in this litigation.  Dkt. # 9 at 2.  Instead, they assert claims for breach of contract, breach of the implied duty of good faith and fair dealing, negligence, and violation of Washington's Consumer Protection Act (CPA) against both defendants.  Dkt. # 1-1 at 8-12.

Defendant Green Tree moved to dismiss plaintiffs' claims for breach of contract, breach of the implied duty of good faith and fair dealing, and negligence; paragraphs 62 and 63, which Green Tree asserts are claims for wrongful foreclosure; and paragraph 67 and request for relief paragraph (c), which seek an injunction preventing defendants from further violations of the CPA.  Dkt. # 8.

## DISCUSSION

### A.  Motion to Dismiss Standard

On a motion to dismiss, the question for the Court is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party.  In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013).  If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate.  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

### B. Claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Negligence

Green Tree moves for dismissal of plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence on the basis that RCW 61.24.127(1) sets forth the only claims available to a borrower who did not bring a civil action to enjoin a foreclosure sale.  Dkt. # 8 at 3.

The Washington Deed of Trust Act (DTA), RCW 61.24 et seq., governs nonjudicial foreclosures.  Under the DTA, a "party waives the right to post-sale remedies where the party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale."  Brown v. Household Realty Corp., 146 Wn. App. 157, 163 (2008) (citing Plein v. Lackey, 149 Wn.2d 214, 227-29 (2003)).  This doctrine applies to claims "arising out of any underlying obligation secured by the foreclosed deed of trust."  Id. at 167.

Applying this doctrine, the Brown court concluded that a borrower's failure to seek presale remedies under the DTA barred any later claims for money damages.  Id. at 166-67.  In response to Brown, the Washington Legislature enacted RCW 61.24.127.  Frias v. Asset Foreclosure Servs., Inc., 181 Wn.2d 412, 425 (2014) ("It is undisputed that the legislature's primary purpose in enacting RCW 61.24.127 was to supersede the Court of Appeals' holding in Brown . . . .").  In its current form, RCW 61.24.127 provides that the "failure of the borrower or a grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages asserting" fraud or misrepresentation; a violation of Title 19 RCW, Washington's business regulations; failure of the trustee to materially comply with the provisions of the DTA; or a violation of RCW 61.24.026.

The Ninth Circuit recently observed that whether "the statutory exceptions to waiver are exclusive is an open question under Washington law . . . ."  Mickelson v. Chase Home Fin. LLC, 579 F. App'x 598, 602 (9th Cir. 2014) (citing Frizzell v. Murray, 179 Wn.2d 301, 310 (2013)).  If "the state's highest court has not decided an issue, the task of federal courts is to predict how the state high court would resolve it."  Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir. 1986), modified at, 810 F.2d 1517 (9th Cir. 1987).  The federal court is required to apply the existing state law, "not predict possible changes in that law."  Moore v. R.G. Indus., Inc., 789 F.2d 1326, 1327 (9th Cir. 1986).

The Brown court set forth the rule that when the elements of waiver had been met, a

ORDER GRANTING IN
PART MOTION TO DISMISS - 3

failure to seek presale remedies barred any later claim for money damages.  146 Wn. App. at
166-67.  The legislature responded by specifying claims for damages that are not waived by
failure to bring an action to enjoin a foreclosure sale.  See RCW 61.24.127(1).  Given the
background rule of Brown, and the legislature's decision to specify claims for damages that may
not be waived, the Court concludes that causes of action not specified in RCW 61.24.127(1) are
waived by a failure to bring an action to enjoin a foreclosure sale.  See Bakhchinyan v.
Countrywide Bank, N.A., 2014 WL 1273810, at *6 (W.D. Wash. Mar. 27, 2014) ("Common law
negligence is not included in the list of claims allowed to be asserted under the Deed of Trust
Act if Plaintiffs failed to bring a civil action to enjoin the initial foreclosure. . . . Under the canon
of *expressio unius est exclusio alterius*, a plaintiff may not attempt to enforce the provisions of
the Deed of Trust Act by asserting a negligence claim where they never brought an action to
enjoin the sale.").  This conclusion is supported by the weight of persuasive authority in this
District.  See, e.g., Tran v. Bank of America, N.A., 2013 WL 64770, at *2-4 (W.D. Wash. Jan. 4,
2013) (failure to restrain sale waived claims for breach of contract, breach of covenant of good
faith, and negligence, among others).

In this case, the requirements for waiver have been met, which plaintiffs appear to
concede.  Instead, plaintiffs argue that because their claims are "outside" the DTA, they
therefore cannot be barred by the DTA.  Dkt. # 9 at 3.  Brown dealt with claims similarly
"outside" of the DTA, such as breach of the covenant of good faith and fair dealing, yet found
that waiver barred those claims.  146 Wn. App. at 160, 166-67.  As discussed above, while
Washington courts may ultimately conclude that statutory exceptions to waiver enacted in
response to Brown are not exclusive, the current state of Washington law suggests that they are.
Accordingly, plaintiffs' claims for breach of contract, breach of the implied covenant of good
faith and fair dealing, and negligence are dismissed with prejudice.

**C. Paragraphs 62 and 63**

Green Tree moves to dismiss paragraphs 62 and 63 of plaintiffs' complaint on the basis

ORDER GRANTING IN
PART MOTION TO DISMISS - 4

1  that they assert claims for wrongful foreclosure against Green Tree.  Dkt. # 8 at 5.  Green Tree

2  appears to misapprehend the purpose of these paragraphs, in which plaintiffs alleged various

3  unfair or deceptive acts or practices by defendants in support of their CPA claim.  See Dkt. # 1-1

4  at 11-12.  Plaintiffs did not plead a claim for wrongful foreclosure.  Dkt. # 9 at 10.  Green Tree's

5  motion to dismiss paragraphs 62 and 63 is denied.

6  **D. Claims for Injunctive Relief**

7      Green Tree moves to dismiss plaintiffs' claim for injunctive relief under the CPA, noting

8  that RCW 61.24.127(2)(b) and (f) limit the remedies available to plaintiffs and do not allow for

9  injunctive relief.  Subsection (b) provides that the "claim may not seek any remedy at law or in

10  equity other than monetary damages[.]"  Subsection (f) limits relief to actual damages in general,

11  but allows for actual damages, treble damages, and the costs of the suit including reasonable

12  attorney's fees for a CPA claim.  Plaintiffs respond that the Washington Supreme Court found

13  injunctive relief under the CPA to be proper following a nonjudicial foreclosure sale in Klem v.

14  Washington Mut. Bank, 176 Wn.2d 771 (2013).  Although Klem did not analyze the limitations

15  set forth in RCW 61.24.127, the Supreme Court allowed injunctive relief in an analogous

16  circumstance, and this Court must follow its ruling.  Green Tree's motion to dismiss the claim

17  for injunctive relief is denied.

**CONCLUSION**

19      For the foregoing reasons, the Court GRANTS in part Green Tree's motion to dismiss

20  (Dkt. # 8).

22  DATED this 30th day of June, 2016.

24  Robert S. Lasnik
25  United States District Judge

28  ORDER GRANTING IN
PART MOTION TO DISMISS - 5